IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

THOMAS RADFORD,             )
                            )
        Plaintiff,          )
                            )
v.                          )       CV 03-C-3298-NE
                            )
BILLY MITCHEM, et al.,      )
                            )
        Defendants.         )

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 12, 2004, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). Plaintiff filed objections to the report and recommendation on June 22, 2004. Plaintiff also requested and was granted an opportunity to amend his complaint in order to state claims upon which relief could be granted.

On July 28, 2004, plaintiff filed an amended complaint. (Doc. 12, p. 1). In the amended complaint, plaintiff alleges additional facts in support of his conditions of confinement claim against a previously unnamed defendant (Moore), and his excessive force claim against defendant Clark. He also continues to claim defendant Mitchem retaliated against him without making any further factual allegations in support thereof. Moreover, plaintiff now desires to assert negligence claims against defendants Mitchem, Moore, Clark, Wallace, and a second previously unnamed defendant, Sgt. DeGraph. Plaintiff contends that this court has jurisdiction over his civil rights claims pursuant to 28 U.S.C. § 1343, and his negligence claims pursuant to the "Federal Torts Claims Act 28 U.S.C. § 1346(b)." *Id.* at 1.

**Constitutional Claims**

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the objections thereto, and plaintiff's amended complaint, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Further, plaintiff has failed to state any additional claims upon which relief may be granted with regard to the constitutional claims in his amended complaint.

Specifically, plaintiff reiterates, in short form, his retaliation claim against defendant Mitchem. (Doc. 12, pp. 2-3). As in his original complaint, this claim is insufficient to state a constitutional claim upon which relief may be granted and is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). Plaintiff also accuses defendant Moore of being deliberately indifferent to his serious medical needs because he was without a sheet, blanket or shoes for hours in a cold health care unit cell. When he asked for a blanket, sheet and his shoes, Moore responded by informing plaintiff that he would have to ask permission from his treating physician. Plaintiff then concludes defendant Moore is liable for the cold and nasal drainage he suffered as a result of remaining in the cell for eight days. Again, the foregoing allegations are insufficient to state a constitutional conditions of confinement or denial of medical care claim against defendant Moore.

Moreover, plaintiff has significantly altered his original excessive force claim against defendant Clark. In his original complaint, plaintiff alleged that he was asleep when defendant Clark hit him on the upper thigh with a flashlight. (Doc. 1, pp. 19-20). However, plaintiff chose not to open his eyes until "after the third of fourth (sic) lick," to ask Clark if Clark was hitting him with the flashlight, to which Clark answered "yes" in a "sinister manner." *Id.* Plaintiff stated that a supervisor observed his upper leg after the incident and he was given a body chart. However, other than to assert

that he was hit in a painful manner, plaintiff never mentioned **any physical injuries *whatsoever*** as a result of defendant Clark's behavior. (Doc. 1, pp. 19-20).

Plaintiff now declares that on September 2, 2002, defendant Clark struck him two (2) times on his upper left thigh with a flashlight "in a negligent and excessive manner." (Doc. 12, p. 4). Plaintiff alleges that the assault caused him mental and emotional distress, a bruise on his thigh, and "shocking pain disabling [him] from walking normal[l]y in his everyday life." *Id.* For this purported lifelong injury, plaintiff demands $500.00 in damages. The court finds plaintiff's new factual allegations against defendant Clark to be inherently incredible and contradictory to those in his original complaint. While the court must read pro-se prisoner pleadings liberally, it is not required to accept, without question, inherently incredible and fantastic allegations which are completely divergent from a plaintiff's original claims.

The Supreme Court also stated that under 28 U.S.C. § 1915(d), judges are accorded "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke, supra,* 490 U.S. at 327; *see also Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Under *Denton v. Hernandez*, courts are authorized to dismiss claims that are clearly fanciful or delusional. Plaintiff's new allegations against defendant Clark fall into this category, and therefore same are due to be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b).

Accordingly, all constitutional claims against all defendants in the original and amended complaint are due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).

### Federal Tort Claims Act

In his amended complaint, plaintiff declares that defendant Mitchem was negligent for failing to properly investigate plaintiff's assertion that certain corrections officers were compromising his safety by inferring plaintiff was a snitch, and defendant Moore was negligent for failing to provide him a sheet, blanket and shoes for several hours, which caused him to suffer a cold fever and sinus drainage.

Plaintiff also complains that defendant DeGraph, Clark's supervisor, was negligent for failing to report Clark's conduct, particularly when DeGraph, upon seeing plaintiff's limp and bruise, directed plaintiff to get a body chart from the HCU. *Id.* at 5. DeGraph was also negligent for allowing plaintiff to be placed in the mexican jail as the "Jail with concret[e] blocks busted up, caus[ed] massive pain in plaintiff's bru[i]sed area." *Id.* Finally, plaintiff contends that defendant Wallace was negligent for placing plaintiff in the mexican jail for refusing to go to work, without first determining whether plaintiff was telling the truth when plaintiff stated that officials refused to let him go to work without identification, and that his identification information had been previously taken from and not returned to him by corrections officials. *Id.* at 5-6.

The Federal Tort Claims Act (FTCA) is not the appropriate avenue upon which plaintiff can proceed with his negligence claims against state defendants. The FTCA is the avenue through which federal officials are sued for negligent acts. If plaintiff desires to sue the named defendants (who are State of Alabama employees) for negligence, he must do so in the manner in which negligence is defined and interpreted by the State of Alabama. This court declines to exercise supplemental jurisdiction over plaintiff's state law negligence claims, and said claims are due to be **DISMISSED WITHOUT PREJUDICE.** Plaintiff will be **ADVISED** of 28 U.S.C. § 1367(d), which explains how

the statute of limitations is tolled on state law claims when a federal court declines supplemental jurisdiction of same.

An appropriate order will be entered.

**DATED** this 10th day of November, 2004.

_____
U. W. CLEMON
CHIEF UNITED STATES DISTRICT JUDGE